COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-146-CR
 
 
SHERRICK 
DWAYNE RINGER                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
-----------
        A 
jury convicted Appellant Sherrick Dwayne Ringer of four counts of aggravated 
sexual assault of a child under fourteen and sentenced him to fifty years’ 
confinement in the Institutional Division of the Texas Department of Criminal 
Justice.  Appellant brings a single point on appeal, arguing that the trial 
court erred in denying his Batson[2] challenge 
to the State’s exercise of a peremptory strike against a black veniremember.  
Because we hold that the trial court did not err, we affirm the trial court’s 
judgment.
        The 
prosecutor struck Chris E. Onyeador, a black veniremember.  Appellant 
lodged his Batson challenge, and the trial court asked the State to 
explain the use of its peremptory challenge.  The reasons the prosecutor 
provided were: (1) the veniremember’s name gave her reason to believe that he 
was born outside this country; (2) his accent gave her the impression that he 
was from Africa; (3) his accent was so “incredibly heavy” that she could not 
“understand most of what he said”; (4) she had concerns as to whether he 
would be able to understand English sufficiently; and (5) he looked “a little 
. . . lost” a couple of times.
        Appellant 
argues that the prosecutor’s first two reasons are race-based and that the 
remaining three are unsupported by the record.  The Texas Court of Criminal 
Appeals has held that nationality is a race-neutral reason for striking a 
veniremember.[3]  Based on this reasoning, we are 
compelled to hold that the trial court did not err in denying Appellant’s Batson 
challenge.[4]
        We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED:  
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).
3.  
Wamget v. State, 67 S.W.3d 851, 859 (Tex. Crim. App. 2001) (holding that 
the country of one's birth, standing alone, is race-neutral).
4.  
See Herron v. State, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002) 
(holding that because the State offered race-neutral motives for its strike, and 
appellant failed to rebut those motives, the trial court did not err).